*Macon, Georgia.*

---

## LA BELLE IRON WORKS *v.* HILL and others.[1]

*(Circuit Court, E. D. Missouri.   October 16, 1884.)*

ATTACHMENT—CONVEYANCE TO HINDER AND DELAY CREDITORS—REV. ST. MO. § 398, CONSTRUED.

A. & Co. agreed with certain of their creditors that their business ·should thereafter be conducted in their name by B.; that A. should continue in the business for a certain time as an employe of B., and be paid a stipulated salary; that B. should have authority to contract debts in the course of the business, dispose of the firm's personal property, and pay certain outstanding lien claims; and out of the proceeds of said personal property and the profits of the business should pay the debts due the creditors signing the agreement, at such times and in such amounts as three of said creditors therein named should determine; and it was agreed that if the demands of said creditors were paid with interest within two years, a rebate of 1 per cent. should be allowed A. & Co. Four days later, A. & Co. executed a deed conveying to B. all their real estate, together with the machinery thereon, in trust, to secure the payment of their debts, but with the proviso that none of the property conveyed should be sold within two years after the date of the conveyance; it being hoped that all debts could be paid in full out of the personal property of the firm and the profits of the business. An attachment suit having been instituted by a creditor not a party to said contract, *held,* (1) that the execution of said agreement was no ground for an attachment, because it conveyed nothing; (2) that unless the deed conveying the firm's real estate was executed with a dishonest purpose, it was not a fraudulent conveyance made "so as to hinder or delay creditors," within the meaning of the Missouri statute concerning attachments, and that, to bring it within that statute, actual as distinguished from constructive fraud must be shown.

Attachment.

This is a suit upon a draft for $2,265.   The alleged grounds for attaching defendants' property are as follows:   (1) That defendants have fraudulently conveyed or assigned their property or effects so as to hinder or delay their creditors; (2) that defendants have fraudulently concealed, removed, or disposed of their property or effects so as to hinder or delay their creditors; (3) that defendants were about fraudulently to conceal, remove, or dispose of their property or effects so as to hinder or delay their creditors.   The defendants filed a plea in abatement denying the existence of either of the alleged grounds for the attachment.   The case was tried before a jury.

Plaintiff offered in evidence (1) a deed of trust dated September 18, 1883, conveying to one Craig all the real estate belonging to defendants, together with all the machinery, etc., thereon, in trust, to secure the payment of the debts of said firm, but providing that none

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

of the property so conveyed should be sold within two years from the date of said debt; (2) a written agreement, dated September 14, 1883, between defendants, certain of their creditors, and said Craig, but to which plaintiff was not a party. This contract provided that said Craig should conduct the business of defendants in their firm name, and should have authority to contract debts, and pay certain lien debts then outstanding; that two of the defendants should be employed by Craig, at $100 a month each, for at least four months, and for such further time and at such salary as might be agreed on between said defendants and said Craig; that out of the proceeds of the sales of the defendants' personal property and the profits of said business the claims of all creditors who signed the agreement should be paid, at such times and in such amounts as three creditors therein named might thereafter determine; and that if the debts due said creditors, with interest thereon at 6 per cent. per annum, were paid within two years, then defendants were to be repaid, or have a rebate of 1 per cent.

One of the defendants testified that said deed of trust was made with the hope that the personal property of the firm would suffice for the payment of their debts, and that, by making said deed of trust, their real estate would be saved to them.

The Missouri statutes provide (Rev. St. 398) that the plaintiff in any civil action may have an attachment, etc., "where the defendant has fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors."

*Gilbert Elliott* and *Geo. R. Lockwood,* for plaintiff.

*Dyer, Lee & Ellis, Jas. J. Lindley,* and *Henry W. Bond,* for defendants.

MILLER, Justice, charged the jury, (orally,) in substance, that the agreement of September 14th did not hinder and delay creditors, and afforded no ground for attachment, because it conveyed nothing, but made Craig the agent of A. & Co. to carry on their business, and that the deed of trust of September 18th did not hinder and delay creditors, within the meaning of the Missouri statute, unless it was made with a fraudulent intent, and that its execution was no ground for an attachment unless there was fraud in fact on the defendants' part in executing it, and that fraud in law was not sufficient.

In summing up, he said: "In short, gentlemen, if you believe that deed of trust to be an honest instrument,—if you believe it was made for an honest purpose,—you will find for the defendants; but if you believe it to have been made for a dishonest purpose, you will find for the plaintiff."